IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. 4:03-cr-00019-SPM-AK

JEREMY GRAHAM,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

      This matter is before the Court on Doc. 100, Motion to Vacate under 28 U.S.C. § 2255,

with supporting memorandum, by Jeremy Graham.  The Government has filed its response, Doc.

102, and Defendant has filed a reply.  Doc. 103.  This cause is therefore in a posture for decision.

Having carefully considered the matter, the Court recommends that the motion to vacate be

denied.

## BACKGROUND

      Defendant was indicted for possession with intent to distribute 3,4-

Methylenedioxymethamphetamine, commonly known as "MDMA," "Ecstacy," and "X," and

possession of a firearm by a prior convicted felon.  Doc. 1.  The Indictment listed four prior

felony convictions, one for aggravated stalking and three for drug-related offenses, and

specifically charged Defendant as an armed career criminal.  *Id*.; *see also* 18 U.S.C. § 924(e)(1)

(where defendant indicted for unlawful firearms possession "has three previous convictions...for

a violent felony or a serious drug offense, or both, committed on occasions different from one

another," defendant shall be imprisoned not less than 15 years).

Before trial, counsel for Defendant, Randolph P. Murrell, filed several pre-trial motions, including a motion to suppress, a motion for reconsideration, a motion to sever or bifurcate, and a motion in limine to exclude evidence of the prior convictions. Docs. 12, 13, 20, 22, 23, & 26. The Court denied each motion. Docs. 19, 21, 25, & 30.

The Government then filed a Notice of Intent to Seek Enhancement based on Defendant's prior felony drug convictions. Doc. 27. The Notice specifically listed four prior drug convictions: a 1994 conviction for delivery of cocaine, a 1995 conviction for possession of cocaine, a 1995 conviction for delivery of cocaine, and an October 22, 1998, conviction for possession of cocaine with intent to deliver/sell. *Id.*

The jury found Defendant guilty on both counts, Docs. 42 & 43, and the Court set the matter for sentencing. At sentencing, Defendant addressed the Court and charged Mr. Murrell with numerous instances of ineffective assistance, Doc. 94 at 3-7, and therefore, Mr. Murrell asked leave to withdraw based on a conflict of interest with Defendant. *Id.* at 7. The Court granted the motion and continued sentencing. *Id.* at 7-8. Thereafter, the Court appointed Robert Senton for sentencing. Doc. 51. Mr. Senton filed objections to the Presentence Report (PSR) and three motions for downward departure. Docs. 53-59.

At sentencing, the Court overruled Defendant's objections regarding acceptance of responsibility, finding that while "choosing to take a case to trial is not automatically a bar to receiving credit for acceptance of responsibility," Defendant, who continued to maintain his innocence, had not demonstrated such acceptance. Doc. 83 at 10-11. Next, the Court found that

the sentence enhancement notice was "reasonably specific as to the prior convictions and is therefore valid." *Id*. at 11.  It also found that the notice was "timely filed and served upon the defendant through his attorney," which was "sufficient to trigger the enhancement." *Id*. at 13. The Court then denied all of the motions for downward departure, stating:

> The circumstances noted by the defendant....do[ ] not take him outside the heartland of cases contemplated under the guideline.  The defendant's criminal history points were one short of placing him in category 6 before the career offender enhancement was applied.  And the defendant is not seeking treatment from a doctor for any emotional, mental, or physical condition and he states he has a good relationship with his grandma who took primary responsibility for raising him.

*Id*. at 12.

The Court sentenced Defendant to 295 months on each count to run concurrently.  *Id*. at 13. The sentence was imposed "in the middle of the guideline range because there are no aggravating or mitigating factors not already taken into account by the guidelines," and the sentence  "satisfie[d] the 15-year minimum mandatory term required for Count 2." *Id*. at 13.

Thereafter, Defendant appealed with the assistance of a third attorney.  In affirming his conviction and sentence, the Eleventh Circuit found no merit, *inter alia*, in his contentions regarding the sufficiency of the enhancement notice or the indictment regarding his prior felony convictions and discussed in detail only two of the issues raised.  Doc. 93 at 2 n.1.  As to the first issue, the court found that this Court did not err in denying the motion to suppress, concluding:

> Because the living room immediately adjoined the place of Graham's arrest and was an area from which an attack could have been launched, the officers could conduct a protective sweep of the room without probable cause or reasonable suspicion to believe that an attacker was hiding there....Thus, the search warrant, which was based on the evidence seen in plain view in the living room, was not tainted.

*Id*. at 2-4.  As to the second issue, the court held that the Court did not err in denying Defendant's

motion to sever or bifurcate, finding:

> Here, the court did not abuse its discretion in denying the motion to sever.  First,
> Graham makes only conclusory assertions of prejudice.  Second, the evidence
> presented at trial fully supported the jury's verdict on the drug charge.  And third,
> Graham's prior criminal activity was not overemphasized at trial:  instead, the court
> accepted Graham's stipulation to the fact that he has one prior felony conviction and
> excluded from evidence any mention of his prior convictions.

*Id*. at 5.

Defendant then sought a writ of certiorari from the United States Supreme Court, which was

granted, and the case was remanded to the Eleventh Circuit for further consideration in light of

*Booker.  Graham v. United States*, 543 U.S. 1115 (2005).  Following remand, the Eleventh Circuit

directed the parties to file supplemental briefs addressing "(1) where, when, and how the *Booker*

issue was first raised; (2) whether the *Booker* issue was timely raised; and (3) how the *Booker*

decision applies to this case."  Doc. 98 at 2.  The court concluded that because Defendant raised a

*Blakely* issue for the first time in a petition for rehearing, "the *Booker* issue was not raised in a timely

manner," and thus, it reinstated the previous opinion.  *Id*.  Defendant's subsequent request for

certiorari was denied.  *Graham v. United States*, 546 U.S. 967 (2005).

The instant motion to vacate ensued.  On this occasion, Defendant claims that the Court erred

by enhancing his sentence under 18 U.S.C. § 924(e) because it failed to review the underlying state

statutes and the charging documents, plea agreements, and plea transcripts for each conviction before

imposing the enhanced sentence for the firearm conviction.  Doc. 100, Attach. at 1.  He also claims

that the Court improperly enhanced his drug sentence because the Government failed to comply with

the notice requirements under 21 U.S.C. § 851.  *Id*. at 7.  In his third ground for relief, Defendant

argues that the Court erred in failing to award him a downward departure for acceptance of responsibility. *Id*. at 15. Fourth, he claims that the Court improperly enhanced his sentence under the Guidelines, resulting in a double counting for conduct punished under § 924(e). *Id*. at 20. Next, he maintains that he is actually and factually innocent of the career offender enhancement and the other enhancements to his sentences. *Id*. at 24-25. Finally, he claims that he was "constructively" denied effective assistance of counsel at sentencing. *Id*. at 32.

## DISCUSSION

      1.      Improper enhancement under 18 U.S.C. § 924(e).

      On appeal, the Eleventh Circuit specifically rejected Defendant's claim that the Court erred "by enhancing, under 18 U.S.C. § 924(e), his sentence for the gun crime, as the Government failed to provide an adequate description of his three previous offenses." Doc. 93 at 2 n.1. On this occasion, Defendant argues that the Court "was divested of jurisdictional authority" to enhance his sentence as an armed career criminal offender because the Government "failed to show and prove that each of the alleged prior convictions offered, were indeed, prior felony qualifying convictions under § 924(e)." Doc. 100, Attach. at 2. According to Defendant, the drug crimes used to enhance his sentence were pleas to simple possession and thus, did not qualify as "serious drug offense[s]" as required for the statutory enhancement.

      An alleged error in sentencing does not divest this Court of jurisdiction, *see* 18 U.S.C. § 3231 (district court has original jurisdiction of "all offenses against the laws of the United States"), and therefore, Defendant's attempt to recast his § 924(e) claim in this light is misplaced. To the extent that this claim has already been considered and rejected by the court of appeals, the

Court has no intention of reconsidering the appellate court's conclusion. *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11ᵗʰ Cir. 2000), *cert. denied*, 531 U.S. 1131 (2001). Even so, neither *Shepard v. United States*, 544 U.S. 13 (2005), nor *Taylor v. United States*, 495 U.S. 575 (1990), stands for the proposition that the Court must independently review state court records to determine whether a defendant's prior felony convictions meet the requirements for enhancement under § 924(e) regardless of whether the defendant himself objects to their usage, as in both of those cases, the defendants had timely challenged the use of the prior convictions in the district courts. *See United States v. Shepard*, 125 F. Supp.2d 562 (D. Mass. 2000); *United States v. Taylor*, 864 F.2d 625 (8ᵗʰ Cir. 1989).

Furthermore, Defendant's claim that his prior convictions do not meet the statutory requirement of "serious drug offense[s]" is precisely the type of claim which should have been raised at sentencing and on direct appeal, and the failure to "advance an available challenge to a criminal conviction or sentence on direct appeal" bars Defendant from presenting the claim in this post-conviction proceeding. *Lynn v. United States*, 365 F.3d 1225, 1234 (11ᵗʰ Cir. 2004).

Defendant can avoid this procedural bar "only by establishing one of the two exceptions to the procedural default rule." *Lynn*, 365 F.3d at 1234. Under the first exception, he must show cause for not raising the error on direct appeal and actual prejudice from the alleged error. *Id*. To establish cause requires a showing that "some objective factor external to the defense prevented [Defendant] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [Defendant]'s own conduct." *Id*. at 1235. Ineffective assistance of counsel can constitute cause for a procedural default. *Murray v. Carrier*, 477 U.S. 478, 488

(1986).  Even if he fails to establish cause and prejudice, under the second exception, the procedural default will be excused if a constitutional violation has probably resulted in the conviction of someone who is actually innocent.  *Lynn*, 365 F.3d at 1234.  "[A]ctual innocence' means factual innocence, not mere legal insufficiency."  *Bousley v. United States*, 523 U.S. 614, 624 (1998).

The convictions underlying the § 924(e) enhancement were the same convictions noticed by the Government as appropriate for enhancement under the drug statutes, and Defendant's counsel particularly pointed out at sentencing that he had no quarrel with the "content of the convictions" in the Notice or that there was "anything false" in the Notice.  Doc. 83 at 3 & 7. Counsel therefore made a calculated decision not to attack "the content of the convictions" themselves, and while Defendant argues that his drug convictions were for mere simple possession, the PSR shows otherwise, and Defendant has offered no proof to support his contention, proof he himself could certainly have obtained either from the sentencing courts or his counsel.[1]  In fact, the Government has provided evidence via its supplemental response to the motion to vacate which plainly establishes that Defendant had three prior felony drug convictions for delivery of cocaine and possession with intent to deliver or sell cocaine, flatly refuting Defendant's allegations that he had only convictions for simple possession.  *See* Doc. 108, Ex. A-1 at 35, 45, & 50.  Defendant therefore has failed to show cause for his failure to raise this issue on direct appeal, and he has offered no proof that he was actually innocent of "serious drug

---

[1]According to the Government, Defendant, presumably through his counsel, was "supplied with certified copies of these convictions in discovery...."  Doc. 102 at 9.  In its supplement response, the Government provided evidence to support this contention.  Doc. 108, Ex. A-1.

offense[s]."

    2.      Failure to comply with § 851 notice requirements.

In this claim, Defendant argues that neither he nor his attorney was served with the § 851 Notice until after the jury verdict, and thus, the Court lacked jurisdiction to enhance Defendant's sentence based on his prior criminal record. Doc. 100, Attach. at 8. According to Defendant, if he had received the notice of enhancement before trial began, he would have pled guilty. *Id.* at 14.

At sentencing, Mr. Senton lodged an objection on Defendant's behalf that "while the government may have filed it timely, he never saw it until after trial." Doc. 83 at 3. The Court rejected that objection, finding that "although the defendant argues that the enhancement should not be applied because he was not aware of the government's notice, the...notice of intent to seek enhancement was timely filed and served upon the defendant through his attorney." *Id.* at 13.

Though the Government maintains that this issue was "exhaustively briefed by both parties in the previous appeal and has already been denied by the Eleventh Circuit," Doc. 102 at 9, a review of the Government's appellate brief and the Eleventh Circuit's opinion does not support that contention. Rather, it appears that Defendant did not raise this precise issue, i.e., the timeliness of the Notice, on appeal. Because the timeliness of the Notice is certainly an issue which could have been raised on direct appeal, it is not properly before this Court unless Defendant can show cause and prejudice for the default or his actual innocence. The Court will nevertheless consider the issue, as it is easily disposed of.

While Defendant may not have received the Notice personally, it was, according to the

certificate of service, served on counsel by fax and by mail, approximately five days before trial.

Doc. 27.  Service on counsel was complete upon mailing, and thus, service of the notice was

timely.  *United States v. Novaton*, 271 F.3d 968, 1016 (11th Cir. 2001).  According to the plain

language of the statute, the notice need only be served on either counsel or defendant, and

because it was served on counsel, the Government fulfilled its statutory obligations.  *See also*

*United States v. West*, 130 Fed. Appx. 753, 760 (6th Cir. 2005) (notice to defendant's counsel is

constructive notice to defendant); *United States v. Kennedy*, 133 F.3d 53, 60 (D.C. Cir. 1998)

(section 851 notice must be served on defendant or counsel).

   The separate question raised by Defendant's suggestion that he would have pled guilty if

he had known before trial about the Government's sentencing enhancement request will be

considered *infra*, as it implicates counsel's effectiveness.

   3.     Failure to award credit for acceptance of responsibility.

   In this ground, Defendant argues that the Court erred in failing to award him credit for

acceptance of responsibility "for exercising his constitutional right to a trial by jury and to

suppress illegally seized evidence in his case."  Doc. 100, Attach. at 15.  Furthermore, the Court

failed "in its affirmative duty" to question Defendant on the record to determine his remorse and

contrition.  *Id*. at 17.

   Again, this is an issue which was addressed at sentencing and could have been raised on

appeal.  Though the claim is procedurally defaulted and Defendant has not presented anything to

overcome the bar, the Court notes that it has no "affirmative duty" to question a defendant on the

record regarding his contrition or remorse.  The Court always affords a defendant an opportunity

to speak in mitigation of sentence, as it did in this case, an opportunity which Defendant chose not to take on advice of counsel.  Doc. 83 at 4 & 8.  Furthermore, it is the defendant's burden, not the Court's, to establish an entitlement to a reduction for acceptance of responsibility, *United States v. Peagler*, 2007 WL 2220458, at *1 (Aug. 3, 2007), and the Court's decision in that regard is entitled to great deference, as it requires considerations of both objective and subjective factors.  *United States v. Cobbs*, 155 Fed. Appx. 430, 432 (11th Cir. 2005).  Though there are "'rare situations,' where a defendant could adequately accept responsibility to qualify for a downward adjustment and proceed to trial," *United States v. Brenson*, 104 F.3d 1267, 1288 (11th Cir. 1997), such a rare situation may exist when the defendant proceeds to trial "only to preserve issues that do not relate to factual guilt," *United States v. Gonzalez*, 70 F.3d 1236, 1239 (11th Cir. 1995), such as a challenge to the applicability or constitutionality of a statute.  *United States v. Woods*, 216 Fed. Appx. 931, 936 (11th Cir. 2007).  However, where the defendant "put[s] the government to its burden of proof at trial by denying an essential element of the crime, which directly relates to the factual guilt," he does not qualify for an adjustment for acceptance of responsibility.  *Benson*, 104 F.3d at 1289.  In this case, Defendant denied that he possessed the drugs with intent to distribute them, maintaining instead that they were for his personal use.  Because intent is an essential element of this crime relating directly to a determination of guilt, *see*  Offense Instructions 85, *Eleventh Circuit Pattern Jury Instructions–Criminal* (2003), Defendant was not entitled to an adjustment for acceptance of responsibility, and the Court did not err in denying him that adjustment.

4.      Improper enhancement of sentence under Guidelines.

In this claim, Defendant maintains that the Court lacked the authority to enhance his offense level by two points for a stolen firearm and by four points for the possession of the firearm in connection with the drug offense.  Doc. 100, Attach. at 20; *see* PSR at ¶ ¶ 17-18. According to him, these enhancements "resulted in an impermissible double counting [of] conduct punished by 18 U.S.C. § 924(e)."  Doc. 100, Attach. at 20-21.

While Defendant attacked the four-point assessment on appeal, he raised a slightly different issue, i.e., "there was insufficient evidence that the gun he was convicted of possessing was connected with the drugs he was convicted of possessing."  Doc. 93 at 2.  He did not attack the two-point assessment for a stolen firearm at all.  Thus, the issue now raised in relation to the two assessments is procedurally defaulted, and Defendant has not shown either cause or actual innocence so as to avoid the bar on this occasion.  Nevertheless, the Court notes that the assessments had no effect on Defendant's final total offense level because of his designation as a career offender, which resulted in his total offense level being placed at 34 pursuant to the Guidelines for career offenders.  *See* PSR at ¶ ¶ 24-25.

5.      Actual innocence of career offender enhancement and other enhancements.

The career offender claim has already been considered and rejected in this proceeding, *see supra* at § 1, and will not be addressed further.  With regard to Defendant's challenge to the two- and four-point assessments discussed in the preceding section, Defendant claims that he was not indicted for possession of a stolen firearm or for possession of a firearm in connection with another offense, and therefore, his sentence could not be enhanced for those crimes.  Doc. 100,

Attach. at 27-28.  As noted *supra*, the six-point addition for possession of a stolen firearm and possession of a firearm in connection with another offense had no impact on Defendant's final total offense because of his designation as a career offender.  That designation trumped everything else, and even without the six-point assessment, his total offense level would have been 34 because of his prior criminal record.

      6.       Ineffective assistance of counsel.

In this final claim, Defendant charges that Mr. Senton rendered ineffective assistance when he failed to object to the two-point and four-point assessments discussed *supra*, and when he failed to require the Government to produce all pertinent documents related to Defendant's prior convictions.  Doc. 100, Attach. at 32-35.  Further, as noted *supra*, Defendant challenges Mr. Murrell's effectiveness in connection with his allegations regarding service of the enhancement notice when he states that he would have pled guilty if he had known before trial about the Government's sentencing enhancement request.  *Id*. at 14.

Because the Court had no affidavit from either Mr. Murrell or Mr. Senton or from counsel for the Government or documents of any kind supporting the Government's position that it had provided in discovery the documents related to Defendant prior convictions and because the Court also had no affidavit from Mr. Murrell challenging Defendant's allegation that he would have pled guilty if counsel had reviewed the enhancement notice with him before trial or any documents which otherwise contradicted the allegation, the Court gave the Government the opportunity to supplement its response.  Doc. 107.

In response, the Government submitted the April 25, 2003, letter from Government

counsel to Mr. Murrell enclosing "discovery with regard to Jeremy Graham."  Doc. 108, Ex. A-1.

That discovery is lengthy and contains Defendant's relevant criminal history and copies of

criminal judgments.  *Id.*  Included in the criminal judgments are certified copies for the felony

drug offenses underlying the enhancement notice.  *See id.* at 35, 45, & 50.  These documents

clearly show that the Government did in fact produce all pertinent documents related to

Defendant's prior convictions before trial, and that counsel was well aware of Defendant's prior

criminal record before sentencing.  Furthermore, sentencing counsel's failure to object to the

two- and four-point adjustments related to the firearm did not prejudice Defendant, since, as

previously explained, the adjustments had no impact on the final total offense level.

Finally, the Court turns to Defendant's allegation that he would have pled guilty if Mr.

Murrell had advised him before trial of the Government's sentencing enhancement request, a

claim that was peripherally raised in Ground 2.  Mr. Murrell has no "independent memory" of

whether he advised Defendant of the enhancement notice and concedes that "[i]t is possible that I

failed to tell Mr. Graham about the information filed by the Government pursuant to 21 U.S.C. §

851."  Doc. 108, Ex. B.  In the end, though, it is really of no consequence as to whether Mr.

Murrell did or did not inform Defendant of the enhancement notice.  The § 851 notice affected

only the enhanced sentence on Count One, the drug count, and did not have any effect on

Defendant's armed career offender status and the attendant minimum mandatory 15-year

sentence, as there is no similar notice requirement under § 924(e).  Thus, even if Mr. Murrell did

not tell Defendant about the § 851 enhancement, Defendant was not prejudiced thereby since his

status as an armed career criminal and his possession of a firearm in connection with a controlled substance offense placed his total offense level at 34 even without being classified as a "career offender."  *See* U.S.S.G. § 4B1.4(a) and (b)(3)(A).

Defendant raises a different claim of ineffective assistance of counsel in his supplemental statement submitted in reply to the Government's supplemental response.  Doc. 109.  In that document, Defendant charges that Mr. Murrell told him before trial that the Government "was offering fifteen...years as a plea agreement if movant pled guilty to count one of the indictment."  *Id*.  He claims that Mr. Murrell told him that he was looking at a sentence of 125 months, not the 180 months the Government was offering.  *Id*.  According to Defendant, if Mr. Murrell had "properly informed him about what sentence he would receive under the [Sentencing Guidelines] if found guilty by a jury, Movant would have accepted the Government's plea offer."  *Id*.

The Court does not believe this claim is properly before the Court for consideration.  It is beyond dispute that this claim is facially untimely, and thus, it is barred unless it "relates back" to the original filing pursuant to Fed. R. Civ. P. 15(c).  *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000).  The new claim "will relate back and be considered timely if [it] 'arose out of the conduct, transaction, or occurrence' set forth in his original § 2255 motion."  *Davenport*, 217 F.3d at 1344.  For relation back to apply, the untimely claim must "have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceeding."  *Id*.  Rather, the untimely claim "must have arisen from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate occurrence in 'both time and type.'"

*Id*. Rule 15(c) is not "so broad as to allow an amended pleading to add an entirely new claim based on a different set of facts." *Pruitt v. United States*, 274 F.3d 1315, 1318 (11th Cir. 2001). Thus, while the rule "contemplates that parties may correct technical deficiencies or expand facts alleged in the original pleading, it does not permit an entirely different transaction to be alleged by amendment." *Pruitt*, 274 F.3d at 1318.

In this Court's view, Defendant's allegation that counsel misinformed him as to the amount of prison time to which he would be exposed if he were convicted so as to dissuade him from accepting a plea offer is "an entirely different transaction" than that alleged in his motion or his memorandum. Though there was in fact a plea offer in this case during the course of trial, *see* Doc. 81 at 86-87, (the Government proposed that Defendant plead guilty to Count One with dismissal of Count Two), Defendant's allegation that counsel did not advise him of the § 851 sentencing enhancement notice, which was timely placed before the Court, is a matter distinct in both time and type from that referenced in the supplemental statement. Even so, there is persuasive evidence in the record that undermines this claim. More specifically, Mr. Murrell submitted his trial notes dated June 18, 2003, the day after Defendant's conviction, which plainly relate that he told Defendant that if he accepted the Government's plea offer, his sentence would not be altered by the dismissal of the firearms charge and that without cooperation, "he would still be looking at a sentence in the neighborhood of 20 years...." Doc. 108, Ex. C.

**CONCLUSION**

_____In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to

vacate, Doc. 100, be **DENIED**.

        **IN CHAMBERS** at Gainesville, Florida, this  29th____ Day of November, 2007.


                                        s/A. Kornblum
                                        **ALLAN KORNBLUM**
                                        **UNITED STATES MAGISTRATE JUDGE**



                        **NOTICE TO THE PARTIES**

        **A party may file specific, written objections to the proposed findings and recommendations
within 15 days after being served with a copy of this report and recommendation.  A party may
respond to another party's objections within 10 days after being served with a copy thereof.  Failure
to file specific objections limits the scope of review of proposed factual findings and recommendations.**