IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.

          Case Nos.: 4:03cr19/RH/GRJ
                    4:16cv469/RH/GRJ

JEREMY GRAHAM,

    Petitioner.
_____

### REPORT AND RECOMMENDATION

This matter is before the court upon Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. (ECF No. 146.) Petitioner has also filed a motion to appoint counsel. (ECF No. 147.) Rule 4(b) of these rules provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, the Court concludes that the Court does not have jurisdiction to entertain Petitioner's motion and, therefore, the petition should be summarily dismissed.

Case Nos.: 4:03cr19/RH/GRJ; 4:16cv469/RH/GRJ

## BACKGROUND and ANALYSIS

In June of 2003, Petitioner Jeremy Graham was found guilty of possession with intent to distribute Methylenedioxymethamphetamine, commonly known as "MDMA," and possession of a firearm by a convicted felon. (*See* ECF No. 42.) In November of 2003, Petitioner was sentenced to a term of 295 months' imprisonment. (*See* ECF No. 65.) On appeal, the Eleventh Circuit Court of Appeals affirmed Petitioner's convictions and sentence. (*See* ECF No. 93.) However, the United States Supreme Court vacated the judgment and remanded the case to the Eleventh Circuit for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005). *See* Graham v. United States, 125 S. Ct. 1098 (2005). On remand, the Eleventh Circuit reinstated its decision affirming Petitioner's convictions and sentences. (*See* ECF No. 98.)1

In February of 2006, Petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (ECF No. 100.) In November of 2007, Petitioner's motion was denied. (*See* ECF Nos. 112, 115, 116.) The court also denied a motion for a certificate of appealability. (ECF

---

1 On September 24, 2015, Judge Walker denied a sentence reduction under Amendment 782. (*See* ECF No. 143.)

Case Nos.: 4:03cr19/RH/GRJ; 4:16cv469/RH/GRJ

No.122.)  Petitioner then filed a motion for a certificate of appealability in the Eleventh Circuit which was denied.  (ECF No. 136.)  In April of 2012, the Eleventh Circuit denied Petitioner's application for leave to file a second or successive § 2255 motion based on Cunningham v. California, 549 U.S. 270 (2007).  (ECF No. 139.)

In the instant motion, Petitioner seeks sentencing relief under Johnson v. United States, 135 S. Ct. 2551 (2015).  (ECF No. 146.)  Before a second or successive application for § 2255 relief is filed in the district court, a petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3) and § 2255(h); Felker v. Turpin, 518 U.S. 651 (1996).  Petitioner filed the required application seeking to file a second or successive § 2255 motion.  On July 11, 2016, the Eleventh Circuit Court of Appeals denied Petitioner's application because he failed to make a *prima facie* showing of the existence of either of the grounds set forth in 28 U.S.C. § 2255(h).  (ECF No. 145.)  Therefore, the instant motion to vacate must be dismissed because the court lacks jurisdiction to consider Petitioner's successive § 2255 motion without proper authorization.

Case Nos.: 4:03cr19/RH/GRJ; 4:16cv469/RH/GRJ

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the

Case Nos.: 4:03cr19/RH/GRJ; 4:16cv469/RH/GRJ

attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (ECF No. 146) should be **SUMMARILY DISMISSED without prejudice**.

2. Petitioner's motion to appoint counsel (ECF No. 147) should be **DENIED**.

3. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 7th day of September, 2016.

*/s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.**

Case Nos.: 4:03cr19/RH/GRJ; 4:16cv469/RH/GRJ

**If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 4:03cr19/RH/GRJ; 4:16cv469/RH/GRJ